HUGH CRAFT *vs.* HENRY WILCOX, ET AL.—*December* 1846.

The act of 1822, ch. 162, which declares, that no deed, &c., shall be construed to create an estate in joint tenancy, unless in such deed, &c., it is expressly provided, that the property thereby conveyed, is to be held in joint tenancy, does not affect a deed to *H and wife*, and their heirs and assigns, forever, and to the survivor of them. Such a deed does not create a joint tenancy.

And if it did, the term survivor in the deed, clearly indicates the intention, that there shall exist a right of survivorship.

APPEAL from the Court of Chancery.

On the 10th January 1842, the appellant filed his bill against the appellees, stating, that the estate of *William Craft* was divided by commission, and a certain portion thereof, to wit,

&c., assigned and allotted to *Margaret Ann Craft*, his daughter; that she married *Henry Wilcox*, and had issue, *Margaret Ann Wilcox;* that *Henry and wife*, by deed of 10th November 1836, assigned her interest in fee to *Edwin E. Medford*, who, by deed of 16th November of same year, reconveyed the property to *Wilcox and wife.*

"To have and to hold every part of the said, hereby bargained and sold, lands, unto the said *H. W. and wife*, and their heirs and assigns, forever, and the survivor of them, and to and for no other use," &c.

The bill then alleged, that under the said deed, *H. W. and wife* did not take as joint tenants, but that they took the property in equal undivided rights, and upon the death of either, the other surviving, an undivided half part of the fee simple, descended to his or her heirs at law; who then held as tenants in common with the surviving party; that the wife of *H. W.* died, leaving an only daughter, *M. A. W.*, who also died a minor and intestate, without children or descendants. The bill then proceeded to show how the complainant, *Hugh Craft*, claimed title as heir to the daughter, *M. A. W.;* and he, with her other heirs, were made parties. The vendees of *H. W.* were also made parties. The bill alleged the interest of the various parties in the whole estate; that it was incapable of division, so as to be of advantage to the parties interested; nor could the same be sold, by reason of the minority of some of the defendants.

*Prayer* for subpœna, publication, &c. Decree for a sale or division, and for further relief.

Various title papers were exhibited with the bill, and as parcel thereof.

The answers of the infant defendants, taken under commission, admitted the bill.

The adult defendants demurred to the bill, as containing no cause for relief.

On the 6th November 1845, the chancellor, (BLAND,) dismissed the bill with costs, upon the ground, that the deed of the 16th November 1836, conveyed an estate in fee simple to

Craft *vs.* Wilcox.—1846.

*H. W. and wife*, which, upon her death, passed by survivorship to him, leaving nothing to descend to her heirs.

From this decree the complainant appealed to this court.

The act of 1822, ch. 162, declares, that "no deed, devise, or other instrument of writing, which may hereafter be executed, shall be construed to create an estate in joint tenancy, unless in such deed, devise, or other instrument of writing, it is expressly provided, that the property conveyed by such deed, devise, &c., is to be held in joint tenancy."

The cause was argued before ARCHER, C. J., CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By C. McLEAN, for the appellant, who contended:

That since the act of 1822, chapter 162, the deed of 16th November did not create a joint tenancy, but a tenancy in common; and that, therefore, the complainant is entitled to the relief prayed.

ARCHER, C. J., delivered the opinion of this court.

The conveyance from *Edwin E. Medford*, to *Henry Wilcox and wife*, and their heirs and assigns, and the survivor of them, is unaffected by the act of Assembly, of 1822, chap. 162: in the first place, because it does not create a joint tenancy, and if it does—secondly, because by the use of the term "*Survivor*," in the grant, the intention is clearly indicated, that there shall exist a right of survivorship. 2 *Blac. Com.*, 185, *Co. Lit.*, 185*b*.

DECREE AFFIRMED.