WARD P. LITTIG, EXECUTOR, *vs.* THE VESTRY OF MOUNT CALVARY PROTESTANT EPISCOPAL CHURCH ET AL.

*Creation of a Voluntary Trust by Deposit in Savings Bank.*

A woman deposited a sum of money in a savings bank with the following entry on the bank books: "Mount Calvary Protestant Episcopal Church subject to the order of Kate Littig, Trustee." The evidence showed that her intention was that the church should have the money if she did not use it during her life. *Held*, upon her death, that a valid trust was declared in favor of the church.

Appeal from the Circuit Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William M. Maloy* and *George M. Brady*, for the appellant.

*David S. Briscoe*, for the appellee.

FOWLER, J., delivered the opinion of the Court:

The bill in this case was filed by Ward P. Littig, executor of Kate Littig for the purpose of having a sum of money deposited in the Provident Savings Bank of Baltimore decreed to be a part of her estate. The defendants, the Vestry of Mt. Calvary Church and the Savings Bank, failed to answer. A decree *pro confesso* was obtained, testimony was taken and the case was referred to Alexander H. Robertson, Esq., Auditor and Master, who subsequently filed a report holding that the fund in bank should be paid to the plaintiff as executor but that it was impressed with a trust in favor of the defendant church, and he recommended that a decree be passed directing the fund to be paid over to the plaintiff, to be by him held

in trust for and paid to said church.   A decree was passed in accordance with this recommendation, and the plaintiff appealed.

The facts are few and may be briefly stated.   Miss Littig opened an account with the Provident Savings Bank of Baltimore.   The bill alleges and the testimony shows that the entry on the books of the bank is as follows: "Mt. Calvary Protestant Episcopal Church, subject to the order of Kate Littig, trustee, $500."   If this were all there could be no question whatever that this entry amounts to a declaration of trust in favor of the church.   In the case of *Milholland* v. *Whalen*, 89 Md. 212, the entry upon the books of the bank was "in account with Miss Elizabeth O'Neill in trust for herself and Mrs. Mary Whalen, joint owners, subject to the order of either, the balance at the death of either to belong to the survivor."   It was held that Mrs. Whalen as *cestui que trust* was entitled to the fund.   In the course of the opinion delivered by the present Chief Justice it is said:   "In Maryland it is not requisite that the *cestui que trust* should be notified of the declaration or establishment of the trust.   It is the donor's act which originates the trust and it is the intention with which he does the act that is material.   The entry unexplained is a sufficient declaration of trust, because it indicates an intention to establish a trust; but this may be rebutted."   And again quoting from *Jones* v. *Lock*, L. R. 1 Chy. App. 25, it is said : "The authorities all turn upon the question whether what took place was a declaration of trust or merely an imperfect attempt to make a legal transfer of the property.   In the latter case the Court will afford no assistance whatever to volunteers; but when the Court considers that there has been a declaration of trust, it is a trust executed, and the Court will enforce it whether with or without consideration."   The wide difference between a declaration of trust and gifts either *inter vivos* or *mortis causa* is there also pointed out, and it is said such gifts, to be effective at all, require a delivery of the thing itself, and must pass the whole title, so that the donor can have no further dominion .or control of it; but a gift in trust

withholds the legal title from the donee.    The legal title may be transmitted to a third person, or it may be retained by the donor, but in either case the equitable title has gone from him, and unless the declaration of trust contains a power of revocation it leaves him powerless to extinguish the trust."

But it is contended by the plaintiff that whatever may be the effect of the entry standing alone, the testimony shows that it was not the intention of Miss Littig to create a trust in favor of the church.    In support of this contention reliance is placed upon the testimony of the officers of the bank which was substantially, that Miss Littig wanted to leave some money so that the Mt. Calvary Church would get it after her death, but that she did not wish to give the church the money during her life for fear she might need it herself; that her intention was if she did not draw the money during her lifetime for her own use that it should go to the church after her death and that she intended to retain control of it for her own use as long as she lived.    This testimony, however, in our opinion so far from showing no trust was declared by Miss Littig only shows that she intended to reserve a power of revocation, and that her real intention as declared to one of the witnesses and testified to by him was that she wanted the church to have the money if she did not revoke the trust and use the fund during her life.

The question presented by this record has been so elaborately considered in the recent and leading case of *Milholland v. Whalen, supra,* that we deem it unnecessary to prolong this opinion by any further discussion.

*Decree affirmed.*

(Decided June 21st, 1905.)