## ELIZABETH V. HAID *v.* EREMA G. HAID
[No. 13, October Term, 1934.]

494

*Decided November 19th, 1934.*

The cause was submitted on brief to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Herbert L. Grymes* and *Charles H. Dorn,* for the appellant.

PATTISON, J., delivered the opinion of the Court.

In this case, the appellee, Erema G. Haid, a former wife of William J. Haid, held a judgment against him, recovered before a justice of the peace, and recorded in the Superior Court of Baltimore City. Upon this judgment a writ of *fieri facias* was issued, and a motor boat, named Betty V, was seized and levied upon. Whereupon Elizabeth V. Haid, the present wife of William J. Haid, on the 15th day of July, 1933, filed her petition in the Superior Court of Baltimore City, in which she claimed the boat seized and levied upon to be "her property." To which claim, Erema G. Haid, the first wife, replied, alleging that "the boat was owned by William J. Haid," her former husband. Upon the issues so joined, evidence was taken, disclosing the following facts:

That some time prior to January 1st, 1933, William J. Haid and Erema G. Haid were divorced, and, on the day last named, William J. Haid was married to the appellant, Elizabeth V. Haid. In March following, William J. Haid

and Elizabeth V. Haid, his wife, went to the custom house and applied for the re-registration of the boat. In the application for re-registration, Haid directed that the boat be registered in the name of himself, Elizabeth V. Haid, and Robert E. Haid, a son by the former wife, and that the name of the boat be changed to Betty V, and the boat was re-registered in accordance with those directions, and a registration card was signed by Haid and left at the custom house. This was the status of the registered title of the boat at the time of the issuance of the execution and the seizure of the boat thereunder. The boat was less than five tons and was therefore not a documented boat or vessel, requiring a bill of sale therefor, and its recordation in the custom house, to establish in whom the title or ownership of the boat was vested. It was a motor boat, which by the federal statute (46 U. S. Code Ann. sec. 288) required only registration, in which its number, as well as the names of its owners, are required to be stated. The use and operation of such boats are subject to federal regulation and their registration, in the manner stated, aids the government in the enforcement of those regulations.

Elizabeth V. Haid, when placed upon the stand as a witness in her own behalf, testified that she accompanied her husband to the custom house and was present at the re-registration, and heard the directions given by her husband as to the ownership of the boat. That Haid directed the official to register the boat as being owned by him and his wife, Elizabeth V. Haid, and her stepson. This was done, and a card was signed by him to that effect and left at the custom house. She further testified as to the seizure of the boat under the *fieri facias*, and the release of it by the sheriff upon her giving the required bond under the statute. On cross-examination, her attention was called to the fact that in her petition she alleged that she was the owner of the property, indicating, as claimed by the appellee, that she was the sole owner of the property, when by her testimony she disclosed she was not its sole owner. In explanation of this apparent

discrepancy in the allegation of the petition and in the evidence offered, she testified that she was "an owner, a part owner of the property."

Michael J. Schiavone, deputy collector of customs, who had supervision of the registration of motor or power boats, was shown the registration card, and was asked what it was. He testified that it was a certified copy of the record "to show owners of the boat (Betty V) as stated under date of March 18, 1933, by William J. Haid." This card was then offered and admitted in evidence without objection, for the purpose of showing in whom the title was vested. By this card it was shown that the owners of the boat were William J. Haid, Elizabeth V. Haid, his wife, and Robert E. Haid, a son of William J. Haid by the former wife. He further testified that the registration made upon the directions of William J. Haid was "in compliance with the motor boat numbering Act of 1918 [46 U. S. Code Ann. sec. 288]."

At the conclusion of claimant's evidence, a prayer was offered by the defendant, Erema G. Haid, which was granted, by which the jury was instructed that the plaintiff had "offered no legally sufficient evidence to entitle her to recover, and the verdict of the jury must be for Erema G. Haid for the property named in the declaration." The sole question to be determined in this case on appeal is whether this prayer was properly granted.

The right of a claimant of property to come in and assert and prove his or her right to it, when it is wrongfully seized under an attachment or execution, existed prior to the passage of the Acts of 1876, ch. 285, subsequently amended by the Acts of 1888, ch. 507, and the Acts of 1892, ch. 507, now sections 47 and 48 of article 9 of the Code of Public General Laws of this state. That act, with its amendments, as said by Judge Stone, speaking for this court in *Kean v. Doerner,* 62 Md. page 478, "gave the claimant some additional rights which he had not previously been entitled to. It was an act passed for the exclusive benefit of claimants, and was intended to enlarge and not restrict their rights.

The act does not profess to be a substitute for, or to repeal, any existing law, nor is it inconsistent with any such existing law. It merely professes to add certain sections to the attachment statute law. * * * The material additional rights which the Act of 1876 gave the claimant, was the right of immediate possession of the goods and chattels levied on, if he chose to give the bond required, and also the right to try the question of the right of property, and the right to damages at the same time, and in the same case. Neither of these rights were possessed by the claimant before the Act of 1876. In order to avail himself of these additional rights the claimant must proceed under the Act of 1876." It was further stated in that opinion: "The right of a claimant of property to come in, and assert and prove his right to it, when it is wrongfully seized, rests upon the broad ground, that no man should be deprived of his property without a hearing, if he desires to be heard."

The statute, section 47 of article 9 of the Code, provides:

"Whenever an attachment or execution shall be levied upon any personal property, goods or chattels, which may be claimed by a person or corporation other than the defendant in such attachment or execution, such person or corporation may file a petition, under oath, with the court before whom such attachment or execution is returnable, setting forth clearly the character and origin of his, her or its claim to the property so levied upon. * * *

"If such claimant shall establish the validity of his, her or its claim to said property, costs shall be awarded to said claimant, and said claimant shall also be entitled to recover damages in such suit for the wrong and injury done to him, her or it by reason of such seizure and detention of his, her or its property."

The right of a petitioner to intervene in these cases, is not, we think, under the law as it stood prior to the passage of the Act of 1876, or by the statute and amendments thereto, confined to a claim of entire ownership of the property. In our opinion it includes any claim where

the seizure and detention of the property would entitle the claimant to recover damages for the wrong and injury done to him or her by reason of such seizure and detention.

It may be that the claimant did not strictly follow the requirements of the statute in setting forth fully the character of her claim, but if this be so, we do not think advantage can be taken of that omission on her part, when no objection was made to the admission of the evidence offered, tending to show the character of her claim.

The above statement of Elizabeth V. Haid that she was an owner or part owner of the property, given in response to a question of the opposing counsel, and the introduction in evidence of the registration card, in which was given the names of the owners of the boat, as above stated, as well as the evidence of the deputy collector of customs that the insertion of those names in the registration card was to show the owners of the boat, or in whom the title of the boat was vested, were all admitted without objection; and being so admitted, this evidence is properly before us, to be considered in determining the question whether there was evidence legally sufficient to be submitted to the jury for its consideration in determining the right of the plaintiff to recover.

After a full and careful consideration of this evidence, it was, we think, legally sufficient to be submitted to the jury for its consideration, tending to show that the interest or estate held by her in the property in question is that of tenant by the entireties with her husband, to the extent of an undivided one-half interest in the boat, the other undivided one-half interest being held by Robert E. Haid, and, as between him and William J. Haid and wife, they were tenants in common. *Tizer v. Tizer,* 162 Md. 492, 160 A. 163, 164, 161 A. 510; *Baker v. Baker,* 123 Md. 32, 90 A. 776; 13 *R. C. L.* page 1103, sec. 126, and cases mentioned in notes thereto.

In *Tizer v. Tizer, supra,* where the lands were owned by Frank and Steve Tizer and their wives, this court, speaking through Judge Digges, said: "The facts as ap-

pearing from the record are: That the property covered by the lease is owned by Frank Tizer and Steve Tizer, the appellants, and their respective wives as tenants by the entirety, each pair being entitled to a half interest as tenants in common, and said respective half interests being held by the entirety."

A wife holding an estate of this character has the undoubted right to intervene when the property is levied and seized under a writ of *fieri facias* issued upon a judgment against the husband alone. *Brewer v. Bowersox,* 92 Md. 569, 48 A. 1060; *Jordan v. Reynolds,* 105 Md. 288, 66 A. 37; *Baker v. Baker, supra; Frey v. McGaw,* 127 Md. 23, 95 A. 960; *Meyers v. East End Loan & Savings Assn.,* 139 Md. 607, 116 A. 453.

The prayer of the defendant was improperly granted and the judgment of the trial court will be reversed, and case remanded.

*Judgment reversed and new trial awarded,*
*with costs to the appellant.*