KOLKER ET AL. *v.* GORN ET UX.

[No. 179, October Term, 1948.]

*Decided June 28, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*William Saxon* for the appellants.

*Isidor Roman* and *Edgar Paul Boyko*, with whom was *Irvin S. Friedman* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

On September 13, 1944, the appellants obtain a judgment by default against the appellee in the Superior Court of Baltimore City in the sum of $8,251.66, and on August 4, 1948, obtained a writ of *fi. fa.* on the judgment, which was levied upon the property known as 3825 Copley Road, in Baltimore City, on August 9, 1948, the appellee filed a motion to quash, on the ground that the appellee's only interest in the property was a half-interest with his wife Margaret A. Gorn, as tenants by the entireties. On September 29, 1948, Margaret A. Gorn filed her claim to the property seized on the same ground. The case was heard by the court without a jury, resulting in an order granting the motion and sustaining the claim, and a judgment for costs from which this appeal was taken.

At the hearing, a deed to the property levied upon, dated May 28, 1941, was offered in evidence, from which it appeared that on that date the property was conveyed by The Gorn Construction Company by Samuel G. Gorn, president, to "John M. Gorn, Samuel G. Gorn and Margaret A. Gorn, his wife, as joint tenants, and not as tenants in common their assigns, the survivors or survivor of them, and the survivors' or survivor's heirs and assigns, in fee simple." The habendum clause was to "the parties of the second part as joint tenants, and not as tenants in common, their assigns, the survivors or survivor of them, and the survivors' or survivor's heirs and assigns, forever, in fee simple." The parties of the

second part were previously described as "John M. Gorn, Samuel G. Gorn and Margaret A. Gorn, his wife."

Testimony was then offered over objection, through Samuel G. Gorn, that he purchased the land, with money supplied by his father John M. Gorn, to build a home to be occupied by his father and a minor son, the witness and his wife. All three parties contributed towards the cost of building the house. The property was to be owned one-half by the father, and one-half by the witness and his wife. Payments on the mortgage were made equally by his father and the witness, as were the expenses of the household. When asked what would happen to the father's interest if the father died, he said: "I presume he would give it to my brother. I don't know". Margaret A. Gorn testified, over objection, that she contributed to the cost of building the house, that she and her husband owned one-half, and her father-in-law owned the other half. John M. Gorn testified, over objection, that he supplied part of the money, with the understanding that he was to own one-half, and his son and wife the other half. "I was supposed to leave my boy the other half". He had always paid one-half of the mortgage interest and amortization, and half the household expenses.

In a memorandum opinion, the court ruled that the testimony was admissible, but based his decision upon "the language of the deed, the intention of the parties as gathered from the corners of the deed itself and the testimony which does not vary the terms of the deed itself."

The questions argued are (1) whether upon the face of the deed the interest of appellee is a half interest as tenant by the entireties with his wife, or a one-third interest as joint tenant, and (2) whether the testimony is admissible to show the true intention of the parties.

Tenancies by the entireties have long been recognized in Maryland. *Craft v. Wilcox*, 4 Gill 504; *Marburg v. Cole*, 49 Md. 402, 33 Am. Rep. 266. At common law it seems to have been the rule that husband and wife could

not hold in any other way. *4 Kent, Commentaries,* (14th Ed.) 363; *2 Blackstone, Commentaries,* 182. But since the adoption of the Married Women's Property Acts, it is said that "while a conveyance or devise to a husband and wife will ordinarily create a tenancy by entireties, the authorities generally are to the effect that an intention, clearly expressed in the instrument, that they shall take as tenants in common or joint tenants, will be effective". *Tiffany, Real Property,* (3rd Ed.) § 431, p. 221. There is a broad split of authority as to whether, in a conveyance to husband and wife, the use of the words "as joint tenants, and not as tenants in common" is sufficient to rebut the presumption of a tenancy by the entireties. Some well-considered cases hold that they are not. *Hoag v. Hoag,* 213 Mass. 50, 99 N. E. 521, Ann. Cas. 1913E, 886; *Hoyt v. Winstanley,* 221 Mich. 515, 191 N. W. 213; Note, 161 A. L. R. 457, 470—473. In Indiana it is held that the use of the words "joint tenants" creates a joint tenancy. *Thornburg v. Wiggins,* 135 Ind. 178, 34 N. E. 999, 22 L. R. A. 42, 41 Am. St. Rep. 422. But a different result is reached where the word "jointly" is used. *Simons v. Bollinger,* 154 Ind. 83, 56 N. E. 23, 48 L. R. A. 234.

There can be no doubt that in Maryland, a conveyance to husband and wife, without restrictive or qualifying words, creates a tenancy by the entireties. *Brewer v. Bowersox,* 92 Md. 567, 572, 48 A. 1060. But it was held in *Fladung v. Rose,* 58 Md. 13, that the use of the words "as joint tenants" was sufficient to rebut the presumption. The court relied upon *Preston on Estates* (2d Ed.) p. 131, for the statement that use of the words "tenants in common" would, at common law, negative an estate by entireties. *Cf. 2 Jarman, Wills* (6th Ed.) 1116. This statement has been challenged. *Freeman, Cotenancy,* (2nd Ed.) §72. It may be that the decision in *Fladung v. Rose* represents a minority view. Nevertheless, it was followed and approved after full consideration in *Wolf v. Johnson,* 157 Md. 112, 145 A. 363. See also *Annapolis Banking & Trust Co. v. Neilson,* 164 Md.

8, 164 A. 157, and *Young v. Cockman,* 182 Md. 246, 251, 34 A. 2d 428, 149 A. L. R. 1006. We accept it as settled law in this jurisdiction.

Where the conveyance is to husband and wife and a stranger, without qualifying words, it is the common-law rule that husband and wife take one-half as tenants by the entireties and the third party takes the other half as tenant in common. *Haid v. Haid,* 167 Md. 493, 175 A. 338; *Bartholomew v. Marshall,* 257 App. Div. 1060, 13 N. Y. S. 568. See also *Tizer v. Tizer,* 162 Md. 489, 492, 160 A. 163, 161 A. 510 and *Baker v. Baker,* 123 Md. 32, 90 A. 776. In the instant case, however, there are qualifying words. The appellee concedes that the use of the words "as joint tenants" would be sufficient to rebut the presumption in a conveyance to husband and wife alone, but argues that they can be given effect as between the husband and wife, as a unit, and the third party. We think the distinction is unsound. Mr. Tiffany says: "This tenancy [by the entireties] may be created even when the husband and wife are not the only grantees in the conveyance * * *, as when it is to a man and his wife and another person, in which case the husband and wife would, *prima facie,* take a one-half interest only, which they would hold by entireties, while the third person would take the other half; * * *. This rule, however, that the husband and wife take together but one share, like the rule that they take as tenants by entireties, is, it appears merely a rule of construction, and must give way to evidence of a contrary intention". Citing *In re March: Manders v. Harris,* 27 Ch. Div. 166.

The only case in point that we have found is *Mosser v. Dolsay,* 132 N. J. Eq. 121, 27 A. 2d 155. There the conveyance was to A, stating his place of residence, and B and C, his wife, as joint tenants and not as tenants in common and their survivors, stating their place of residence. It was held as a matter of construction that the qualifying words applied only to the husband and wife, creating a joint tenancy between them in one-half the estate, *Taylor v. Lowencamp,* 104 N. J. Eq. 302, 145 A.

329, and a tenancy in common as to the other one half. But the court recognized that another result might follow had the words "joint tenants" been applicable to all three grantees. In the instant case we find nothing in the instrument, other than the descriptive word "wife", to indicate an intention that the joint tenancy should exist between the first named grantee and the other two. Since we have held that the use of the words "joint tenants" rebuts the presumption arising from the word "wife", or the fact that the grantees are husband and wife, we find no basis in the language itself for severing the tenancy into two different types. The qualifying words seem clearly applicable to all three parties, and their respective "survivors or survivor".

But the further question arises as to the admissibility and effect of the testimony. In *Campbell v. Lowe,* 9 Md. 500, 507, 66 Am. Dec. 339, it was held that parties to a deed creating a tenancy in common could not vary its terms by proof of a different intention, as against a purchaser for value at sheriff's sale under a *fi. fa.* upon judgment. However, it is well established that a judgment creditor is not in the position of a bona fide purchaser, and his claim is subject to prior, undisclosed equities. "He is neither in fact nor in law a bona fide purchaser, and must stand or fall by the real, and not the apparent rights of the defendant in the judgment". *Ahern v. White,* 39 Md. 409, 420; *Lee v. Keech,* 151 Md. 34, 37, 133 A. 835, 46 A. L. R. 1488; *Caltrider v. Caples,* 160 Md. 392, 397, 153 A. 445, 87 A. L. R. 1500; *1 Glenn, Fraudulent Conveyances* (Rev. ed.) § 19. It would seem to follow that the wife is not estopped to show the mistake in the deed, unless by misrepresentation, or otherwise, she induced the creditor to give credit on the assumption that the record showed the true state of the title. *Tiffany, Real Property,* (3rd ed.) § 1235; *Note, Annotated Cases,* 1914 C, p. 1066. We find no basis for an estoppel on this record.

The rule is well established that in equity, a deed can be reformed, on the ground of mutual mistake as to the

legal effect of words, to conform to the real intention of the parties. *Scott v. Grow,* 301 Mich. 226, 3 N. W. 2d 254, note, 141 A. L. R. 826, 840. *Restatement, Restitution,* § 51 (a) (Illustration 3) ; *5 Williston, Contracts* (Rev. Ed.) § 1585; *Cooke v. Husbands,* 11 Md. 492, 511. As a general proposition, it is also true that the remedy is not available in an action at law. *England v. Universal Finance Co.,* 186 Md. 432, 438, 47 A. 2d 389. But attachment and execution proceedings seem to be in a class by themselves, where the real ownership is in issue and equitable defenses are available. *Cf. Frantz v. Lane,* 169 Md. 703 (unreported), 182 A. 337; *Haid v. Haid, supra; Lemp Brewing Co. v. Mantz,* 120 Md. 176, 183, 87 A. 814. We think an execution creditor, who is a stranger to the transaction and stands in the shoes of the debtor subject to all outstanding equities, cannot invoke the parol evidence rule to prevent a party to the deed from showing a mutual mistake by the parties, in the absence of facts raising an estoppel.

Proof of mutual mistake must, of course, be clear and unequivocal, and in the instant case the testimony came from witnesses interested in defeating the creditor's claim. The testimony seems to indicate that the father's share was to be held in common and pass to the minor son, rather than to the surviving husband and wife. Nevertheless, it permits an inference that the husband and wife were intended by all the parties to take a one-half interest as tenants by the entireties. *Haid v. Haid, supra.* The weight and credibility of the evidence was primarily for the trial judge, and we think his findings were not clearly erroneous.

*Judgment affirmed, with costs.*