JONES *v.* JONES

[No. 31, September Term, 1970.]

*Decided October 20, 1970.*

The cause was submitted on brief to HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

Submitted by *Joseph R. Tyrrell, Jr.,* and *William F. Higgins* for appellant.

No brief filed on behalf of appellee.

SMITH, J., delivered the opinion of the Court.

Appellant Donal A. Jones (husband) here seeks to have the interest of husband and wife in a draft payable to him and his wife, the appellee Alice V. Jones (wife), and their attorney declared to be owned by the parties as tenants by the entireties. The draft in question was issued in settlement of the wife's claim relative to injuries sustained by her in an automobile accident and the husband's claim for reimbursement of certain medical expenses paid by him. We shall affirm the decree of the chancellor.

The accident in question took place in January of 1968. Eight days later both parties signed an agreement retaining an attorney. The husband and wife subsequently separated. They ultimately entered into a voluntary separation agreement. The agreement has all of the earmarks of having been prepared by the parties without the assistance of counsel. It made no reference to the damage claim. In September of 1969, five and a half months after the separation, settlement was effected.

The husband and wife could not agree as to the allocation between them of the sum collected. The wife retained other counsel and instituted a declaratory judg-

ment action to determine the ownership of the funds. The sum of $755.00 in medical expenses was paid by the attorney from the sum received in settlement. The parties were agreeable to this payment and the payment of the attorney's fee. There then remained $4,710.67, the subject of this litigation. The chancellor directed disbursement of $4,340.76 to the wife and $369.91 to the husband in accordance with stipulation that husband paid this sum for medical expenses.[1]

The husband contends that the sum obtained in settlement was owned as tenants by the entireties and, therefore, that this sum cannot be divided. For this reason he says the court lacked jurisdiction.

The husband cites in support of his position *Brewer v. Bowersox*, 92 Md. 567, 48 A. 1060 (1901), which held that a tenancy by the entireties might be created in personal property, and *Schilbach v. Schilbach*, 171 Md. 405, 189 A. 432 (1937), for the proposition:

> "A tenancy by the entireties is essentially a joint tenancy, modified by the common law theory that the husband and wife are one person. 1 *Tiffany on Real Property*, 645. Except for the fact that it cannot be defeated, during their lives, without the joint action of both, the same rules of law apply to it as to any other cotenancy." *Id.* at 407-08.

From there he moves on to *Kolker v. Gorn*, 193 Md. 391, 67 A. 2d 258 (1949), which he dubbed "a controlling case", citing the comment:

> "Where the conveyance is to husband and wife and a stranger, without qualifying words, it is the common-law rule that husband and wife take one-half as tenants by the entireties and the third party takes the other half as tenant in common. *Haid v. Haid*, 167 Md. 493, 175 A. 338;

---

1. The question of whether any part of the sum obtained in settlement was allocated to a claim for loss of consortium was not raised or argued below nor in this Court.

*Bartholomew v. Marshall,* 257 App. Div. 1060, 13 N.Y.S. 568. See also *Tizer v. Tizer,* 162 Md. 489, 492, 160 A. 163, 161 A. 510 and *Baker v. Baker,* 123 Md. 32, 90 A. 776." *Id.* at 397.

The holding in that case was that a conveyance to "John M. Gorn, Samuel G. Gorn and Margaret A. Gorn, his wife, as joint tenants, and not as tenants in common their assigns, the survivors or survivor of them, and the survivors' or survivor's heirs and assigns, in fee simple" with a habendum clause reading, "the parties of the second part as joint tenants, and not as tenants in common, their assigns, the survivors or survivor of them, and the survivors' or survivor's heirs and assigns, forever, in fee simple" created a joint tenancy because there were qualifying words.

We do not regard any of these holdings as controlling here. It is true that Maryland has recognized that there may be a tenancy by the entireties in personal property. In *Haid v. Haid,* 167 Md. 493, 175 A. 338 (1934), a motor boat which a husband insisted be titled in the name of husband and wife and a third party was held to vest an undivided one-half interest in the husband and wife as tenants by the entireties and the other undivided one-half interest in the third party as a tenant in common with the husband and wife. When a husband deposited money in a savings bank to the credit of himself and his wife without reserving the right to withdraw the fund from the bank it was held in *Baker v. Baker,* 123 Md. 32, 40, 90 A. 776 (1914), to constitute a tenancy by the entireties. In *Banking & Trust Co. v. Neilson,* 164 Md. 8, 164 A. 157 (1933), the dispute concerned ownership of rent from land owned by husband and wife as tenants by the entireties. It was held that the rents were owned as tenants by the entireties and were therefore not subject to attachment for the debt of the husband.

Since the passage in 1899 of what is now Code (1957), Art. 45, § 5, a wife has been permitted to maintain a separate suit for torts committed against her. *Sezzin v. Stark,*

187 Md. 241, 49 A. 2d 742 (1946). Previously it was necessary that her husband join in any suit for tort committed against her. In *Clark v. Wootton,* 63 Md. 113 (1885), decided prior to that act, there was an attempt made to reach by way of attachment the interest of the husband in a judgment obtained by the husband and wife against a railway company for injuries sustained by the wife. Our predecessors, after observing, "Independently of his wife, the husband had no cause of action whatever for personal injuries to her, and in this respect his rights were different from those which he had in a certain class of *choses in action* of his wife, on which he might sue without joining her in the action", held the judgment thus obtained for personal injuries sustained by the wife was protected by the constitutional provision that the property of the wife should be protected from the debts of the husband.

When a husband and wife purchase real estate and it is conveyed to the two of them as tenants by the entireties there is a positive direction for the creation of the estate. If one spouse has contributed the entire purchase price, then by directing that it be titled as tenants by the entireties he has manifested a positive intent to create the estate. Likewise, the creation of a bank account as in *Bowersox* and *Baker* calls for positive action, thereby evidencing an intent to create a tenancy by the entireties. When the boat was titled in *Haid* the husband directed the official to register the boat as being owned by him and his wife and his son, an intent relative to title being thereby shown. Similarly, when a testator devises real estate to husband and wife he presumably knows the law and the land is transferred to those parties accordingly. In each of these examples an intent to transfer can be determined.

Here we have a situation in which husband and wife retained an attorney to represent them relative to claims arising out of the accident. The wife had a claim for her personal injuries. The husband had a claim for the sums expended by him on behalf of his wife as a result of the

personal injuries. Had a suit been filed and judgment obtained a judgment would have been entered in favor of the wife and the wife alone for her personal injuries. Likewise, a judgment would have been entered in favor of the husband and the husband alone for the amounts he expended on behalf of his wife for medical expenses. We perceive no evidence of an intent to create a tenancy by the entireties. The act of obtaining an attorney to represent both of them falls far short of being evidence of such an intent. The act of hiring an attorney did not constitute a transfer of the interests the parties had previously held.

The settlement check or draft was in a lump sum drawn to husband, wife, and attorney because each of them had an interest in that draft. This act is not comparable to the situation existing when a check is drawn to husband and wife in payment for real estate owned by them as tenants by the entireties, nor is it comparable to the situation existing when one spouse deposits funds in a bank in both names, thereby manifesting an intent to create a tenancy by the entireties. In that the funds would retain the character of ownership they had prior to the drawing of the draft, it is comparable to a situation such as that in *Banking & Trust Co. v. Neilson, supra,* where funds coming out of tenancy by the entireties property were held to be likewise owned as tenants by the entireties. It is also similar to *Brell v. Brell,* 143 Md. 443, 122 A. 635 (1923), where the Court was concerned with ownership of funds deposited in a bank account in the husband's name alone. The funds came from sale of a farm owned by the parties as tenants by the entireties and a purchase money mortgage executed to husband and wife. The Court said:

> "As the farm and mortgage belonged to them as tenants by the entireties, they have the same title to the two sums in bank, with the right of the survivor to take the whole." *Id.* at 450.

Upon the authority of *Masterman v. Masterman,* 129 Md.

167, 98 A. 537 (1916), where the Court was dealing with the disposition of the proceeds of a fire insurance policy which covered property held by the husband and wife as tenants by the entireties, the Court said:

> "[A] trustee should be appointed by the court below in this case to receive the two sums deposited in the Calvert Bank, and invest the same under the order of said court; one-half of the net income received therefrom to be paid to each party until the death of one of them, and the corpus to be paid to the survivor, unless sooner distributed by agreement of the parties." *Id.* at 451.

See also *Hammond v. Dugan,* 166 Md. 402, 411, 170 A. 757 (1934), where the intent of the parties was taken into consideration in determining ownership of bearer bonds.

Here there is no evidence of any intent on the part of the wife or husband that these claims be transferred into a tenancy by the entireties. The drawing of a draft to husband, wife and their attorney, in effect "as their interest may appear", was not a transfer of the wife's prior individual claim so as to vest title to that claim in her and her husband as tenants by the entireties. Therefore, the chancellor correctly concluded that the claims remained in their original ownership and no tenancy by the entireties was created.

The husband urges that we lack jurisdiction to decide the matter, a point apparently not raised in the trial court. Under Maryland Rule 885 we do not ordinarily decide any point or question that does not plainly appear by the record to have been tried and decided by the lower court. An exception is made, however, in the matter of jurisdiction, since jurisdiction cannot be conferred on the Court by waiver or consent of the parties.

The husband points out that Code (1957), Art. 16, § 29 states:

> "Whenever a court shall grant a divorce a mensa et thoro or a divorce a vinculo matrimonii,

it shall have the power to hear and determine all questions which may arise between the parties to such proceeding in connection with the ownership of personal property (except chattels real) held, possessed or claimed by either or both of them, and shall have the power to make a division of such property between them, or order a sale thereof and a division of the proceeds of such sale, or make such other disposition thereof as the court may deem proper."

He then contends that this statute "is the only basis for the distribution of personal property held as tenants by the entirety in the State of Maryland", citing the holding in *Schwartzman v. Schwartzman,* 204 Md. 125, 102 A. 2d 810 (1954), in which this Court said:

"It is still the law that a court of equity has no authority to adjust the property rights of a husband and wife in the absence of specific statutory authority." (citing authorities) *Id.* at 134.

The Court was there referring to a wife's request for sale of jointly owned personal property.

He has correctly stated the law, but he has misconstrued what the chancellor was requested to do. The court was requested to make neither a division of property between husband and wife nor a sale of property with a division of the proceeds of sale, but to declare the ownership of the sum recovered by way of settlement. This. Court has recognized that either the husband or the wife may sue the other and maintain an action in a court of equity for the protection of his or her property. *Fernandez v. Fernandez,* 214 Md. 519, 135 A. 2d 886 (1957); *Smith. v. Smith,* 211 Md. 366, 127 A. 2d 374 (1956); *Cochrane v. Cochrane,* 139 Md. 530, 534, 115 A. 811 (1921); and *Masterman v. Masterman, supra. Cf. Bowis v. Bowis,* 259 Md. 41, 267 A. 2d 84 (1970), and *Gebhard v. Gebhard,* 253 Md. 125, 252 A. 2d 171 (1969). Moreover, it has recognized a difference between sitting as a divorce court and.

344

sitting in the exercise of its ordinary chancery jurisdiction. *Brucker v. Benson*, 209 Md. 247, 250, 121 A. 2d 230 (1956).

This action was brought in equity for a declaration of the rights of the parties. The court clearly had jurisdiction.

*Decree affirmed; appellant to pay the costs.*