## SMITH v. SMITH

[No. 51, October Term, 1956.]

*Decided December 7, 1956.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Thomas S. Simpkins* and *Charles J. Potts,* with whom were *Adkins & Potts* on the brief, for the appellant.

Submitted on brief by *Porter, Cullen & Truitt* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

An estranged wife, who has lived apart from her husband since October, 1948, brought a bill of complaint against her husband on December 4, 1953, praying an accounting, sale of real estate, injunction, appointment of a receiver, an order for the delivery of personal property, and other and further relief.  An amended bill was filed on March 22, 1954, after a demurrer to the bill had been sustained.  On April 11, 1956, a demurrer to the amended bill, setting up, in addition to general defenses, laches and limitations, was sustained without leave to amend, and the bill was dismissed.  The appeal is from that order.

This proceeding is an aftermath of divorce proceedings between the parties.  The Chancellor denied the husband's bill for divorce and there was no appeal.  The wife's appeal from the denial of her cross-bill, decided in this Court on November 3, 1950, resulted in an affirmance.  *Smith v. Smith,* 196 Md. 219.  The parties are still husband and wife, although living apart.

The amended bill alleges that the parties own as tenants by the entireties three parcels of real property: (1) a lot on Church Street in Salisbury acquired in 1929, improved by a two-story frame dwelling, the first floor of which was used as a furniture store by the appellant until December, 1948. The husband occupies the second floor.  (2) A lot on Barclay Street and Zion Street acquired in 1943, improved by a frame dwelling, which has been rented to various tenants without her consent or joinder, and another frame building, the second floor of which has been rented as an apartment and the first floor as a store without her consent or joinder.  (3) An unimproved lot on Brooklyn Avenue, acquired in 1946.  It is alleged that the husband has refused to rent the store on Church Street and has refused to account for the rents col-

lected from the two buildings on Barclay Street and Zion Street. The amended bill also alleges that she purchased with her own funds certain personal property located on the first floor of the Church Street property, and a stock of merchandise which he refused to deliver to her and has disposed of. It also alleges that the appellee owns two houses on Baker Street, title to which is in his own name, and prays that a trustee be appointed to sell these, if necessary for the purpose of accounting for and paying to her the sums due from the jointly owned properties.

In sustaining a demurrer to the amended bill, the Chancellor based his decision on these grounds: (1) that the bill did not allege that the complainant lacked an adequate remedy at law, (2) that the complainant has an adequate remedy at law, (3) that equity has no jurisdiction, at least in the absence of "peculiar circumstances", to appoint a receiver, or decree an accounting between husband and wife, in connection with jointly held property, (4) that the bill on its face shows that the defense of limitations is applicable, and the claims are not itemized to show what, if any, claims are still open.

Rule 7 of the General Equity Rules provides in part that "The ordinary or formal combination clause, the allegation of the want of remedy at law, and similar formal averments, shall be omitted; * * *." It follows that the failure to make this allegation is not a valid ground of demurrer. Whether there is any remedy at law is open to question. It has been held that a married woman may not sue her husband for personal tort. *Furstenburg v. Furstenburg,* 152 Md. 247; *David v. David,* 161 Md. 532. In *Gregg v. Gregg,* 199 Md. 662, it was held that she could not sue her husband on the theory of implied contract. Originally, equity alone had jurisdiction in matters of accounting between joint tenants, although since the statute of 4 Anne, Ch. 16, sec. 27, there has been a concurrent remedy at law. *Cook v. Hollyday,* 186 Md. 42, 47. We need not decide whether this action would be available to a wife, since the jurisdiction of equity would not be ousted in any event. The jurisdiction of equity to enforce an accounting between husband and wife, or to appoint a receiver, has been recognized in many cases. *Wardrop v. Wardrop,*

370

211 Md. 14; *Brown v. Brown,* 204 Md. 197, 211; *Elko v. Elko,* 187 Md. 161, 165; *Whitelock v. Whitelock,* 156 Md. 115; *Brell v. Brell,* 143 Md. 443; *Masterman v. Masterman,* 129 Md. 167, 177. See also Note, 168 A. L. R. 260.

The jurisdiction is quite independent of the jurisdiction exercised in cases for divorce, which is more limited. Cf. *Hall v. Hall,* 180 Md. 353, 355, and *Brown v. Brown,* 199 Md. 585. It is true that where property is occupied by a husband as a dwelling or as a place of business, relief may be denied on the ground of the wife's conduct or election. *Collier v. Collier,* 182 Md. 82; *Elko v. Elko, supra.* Here, the husband is occupying only a part of one property, and there is the further allegation in regard to his appropriation of her personal property. We think the allegations call for an answer.

On the question of limitations, it is well settled that limitations may be raised on demurrer in equity, and the statute applicable to actions at law will be followed by analogy. *Rettaliata v. Sullivan,* 208 Md. 617, 621; *Maskell v. Hill,* 189 Md. 327, 337. Cf. *Mitchell v. Cassedy,* 200 Md. 339, 343. But the appellant contends that the general rule is subject to an exception where the parties are husband and wife. The exception seems to be supported by the great weight of authority, even where there are no specific statutory provisions dealing with the matter, and since the adoption of the Married Women's Property Acts. That laches will not ordinarily bar the wife's claim was recognized in *Bowie v. Stonestreet,* 6 Md. 418, and *Cross v. Iler,* 103 Md. 592. In *Levy v. Sherman,* 185 Md. 63, 74, the same rule was applied to an antenuptial contract, and it was said that the wife would also not be barred by limitations, because of the social importance of maintaining the family relationship, citing *In re Flannery's Estate,* 173 A. 303 (Pa.), and *Rankin v. Schiereck,* 147 N. W. 180 (Ia.). Other cases are collected in a Note, 121 A. L. R. 1382. For a late case on the point see *Hampton v. Hampton Holding Co.,* 111 A. 2d 761 (N. J.). Some courts have declined to apply the exception where the parties are not living together, or are legally separated, on the ground that the reason for the exception, the public policy of preserving the

marital status, no longer exists, although it has been pointed out that even in those cases there is often a hope of reconciliation. In the instant case it has been judicially determined that neither party was guilty of such conduct as to entitle the other to a divorce. No prejudice to the appellee is shown by the delay, and under the circumstances we are constrained to hold that neither laches nor limitations is applicable. We think the demurrer should have been overruled.

*Order reversed, with costs, and case remanded.*