# FERNANDEZ *v.* FERNANDEZ

[No. 45, September Term, 1957.]

*Decided November 15, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Gordon C. Murray,* with whom were *Martin V. B. Bostetter* and *John S. Hollyday* on the brief, for the appellant.

No brief and no appearance for the appellee.

HAMMOND, J., delivered the opinion of the Court.

A wife living apart from her husband sued in replevin to

recover certain of her chattels that he held, and damages for their detention. The trial court sustained the husband's demurrer to the declaration on the ground that the wife could not sue her husband at law, but must go into equity to obtain the return of the property. The appeal is from the judgment for the husband for costs.

Replevin is an action *ex delicto* founded upon a tortious detention of chattels, for which damages may be allowed. Despite the passage in 1898 of the Married Women's Act, Code, 1951, Art. 45, Sec. 5 (hereinafter sometimes called "the Act") which authorizes married women to engage in business, to contract, to sue on their contracts and for the recovery and protection of their property and for torts committed against them as fully as if unmarried, Maryland has held that the wife could not sue her husband, a partnership of which he was a member, or his employer, for a personal tort. *Furstenburg v. Furstenburg,* 152 Md. 247; *David v. David,* 161 Md. 532; *Riegger v. Brewing Co.,* 178 Md. 518; *Tobin v. Hoffman,* 202 Md. 382. The wife argues earnestly that this rule should not apply to actions at law for the protection and recovery of property rights, even though the form of action is technically in tort. She cites authorities in other States as establishing a general rule that a wife may sue her husband at law for torts against her property interests, and that she may do so in replevin, the recovery of damages being regarded as so incidental to the main purpose of the action as not to constitute a bar. There is no doubt that the authorities generally hold as she contends. 27 *Am. Jur., Husband and Wife,* Sec. 599; *Prosser, Torts* (2nd Ed.), Sec. 101, at p. 672; 41 A. L. R. 1052; 109 A. L. R. 882.

The cases in Maryland have interpreted the Act with such strictness and have given it such limited effect that we find ourselves unable to follow the authorities elsewhere without overruling our prior decisions, despite the appeal to reason and convenience that the rule urged upon us has. The *Furstenburg, David* and *Riegger* cases held explicitly that the Act did no more than authorize a married woman to prosecute suits at law in her own name as if unmarried against a third person. In holding that it did not authorize a suit at law by

a wife against her husband for a personal tort, they said its purpose was not to enable her to maintain suits that she could not have maintained before its passage but only to bring in her own name those which before she must have brought in her husband's name either alone or as party plaintiff with her. See, too, 1 *Poe, Pleading and Practice* (Tiff. Ed.), Sec. 441A. The extent to which this Court has limited the application of the Act is emphasized in *Gregg v. Gregg,* 199 Md. 662, 665, 667. There, a woman separated from her husband brought suit against him for monies she had expended for necessaries after he had deserted her. The lower court sustained a demurrer without leave to amend, and this Court affirmed. Chief Judge Marbury said for the Court: "There was no right in a married woman to sue her husband at common law, and, therefore, any right which she has in this respect must be conferred upon her by statute." He pointed out that in the *Furstenburg* case this Court (a) followed the decision of the Supreme Court in *Thompson v. Thompson,* 218 U. S. 611, 54 L. Ed. 1180, which construed a practically identical statute as not authorizing suit at law by a wife against her husband for personal tort, and (b) found fortification for its conclusion in the Act of 1900 (Code, 1951, Art. 45, Sec. 20, which authorizes a married woman to contract with her husband as fully as if she were unmarried, and to sue and be sued upon such a contract), because the later act would have been wholly superfluous if the Legislature had intended in the Act, passed two years earlier, to authorize a wife to sue her husband for breach of contract. Judge Marbury went on in the *Gregg* case to review the argument made in the *David* case, which the appellant here makes, that where the parties are separated no harm would be done to the marriage if the bringing of suit at law were allowed, saying that: "After discord, suspicion and distrust have entered the home, it is idle to say that one of the parties shall not be allowed to sue the other because of fear of bringing in what is already there. However, these ancient theories which form a part of the common law have to be followed by us unless they have been changed by legislative action, and the clear import of the decision in the *David* case is that the emancipatory statutes must

be strictly construed. The Legislature has not amended or changed this emancipatory legislation since 1931, when the *David* case was decided." The Court concluded in the *Gregg* case that the Legislature had authorized a wife to sue her husband only on a contract with him and that she could not sue him on a contract to which she was subrogated.

It is clear that a wife may sue her husband in equity for the preservation or protection of her property rights. *Cochrane v. Cochrane,* 139 Md. 530, 534; *Smith v. Smith,* 211 Md. 366. The *Cochrane* case was a suit in equity by a wife against her husband for an accounting and for delivery to her of money, securities and other property. It was held that the suit could be maintained. A headnote of the case says: "A married woman may sue her husband at law or in equity for the recovery, security, or protection of her property." In 1 Md. L. Rev. 65, 68, the case was said to hold what the headnote says it holds, and the appellant relies on it to sustain her position. The only language of the opinion which could support the headnote—and then only if read out of context—is the reference of Judge Briscoe, speaking for the Court, to the Act and the subsequent legislation of 1900, giving the wife the right to contract with her husband. He says that upon a proper construction of these acts: "It seems also now well settled * * * that a married woman in this State may sue for the recovery, security, or protection of her property as fully as if she were unmarried, either in a court of equity or in a court of law, and she may also be sued separately upon her contracts, and for wrongs independent of contract committed by her, as fully as if she were a *feme sole.*" In the paragraph just before the one embodying these statements, Judge Briscoe said that a wife or husband could sue the other spouse in equity for the protection of his or her property, and in the paragraph immediately after the language quoted, he said that a wife can sue her husband upon contracts made with him as fully as if she were unmarried. In its context this quoted language would seem to have been meant to be no more than a summary of the provisions of the Act and the legislation of 1900, and it does not say that the wife, under those acts, could sue her husband at law for the

protection of her property but only that she could sue others. In any event, if the opinion is read to mean what the head-note says it means, it would be no more than dictum, in view of the issue in the case and the actual decision.

We think that the decisions of this Court have established Maryland law to be that a wife may not sue her husband at law unless a statute specifically authorizes her to do so. It is clear that the Act was construed in the *Furstenburg, David* and *Riegger* cases as not giving the wife a right of action she did not possess at common law, and the *Gregg* case construed the Act of 1900 (giving her the right to sue her husband on a contract with him) as not giving her the right to sue him on any other contract. We must read the Act as our predecessors have read it unless we overrule their decisions. The Act said she could sue for a tort committed against her, and on her contracts. The cases held that this did not mean on a tort committed against her person by her husband or on a contract with her husband, because the Act gave her no additional rights except to sue alone, where formerly she must have sued jointly or in the name of another. The Act says she may sue for the protection or recovery of her property. Reading the Act as our predecessors have said it must be read, we cannot distinguish between a right to sue her husband for a tort against her person and a right to sue him for a tort against her property interests. The literal language of the Act authorizes both the former and the latter, as well as a right to sue him in contract. We think we must put the same limitations on the right to sue for a property tort that the prior decisions have put on the other two rights. It is significant that *Prosser,* in note 20 on p. 672 of the work cited, lists Maryland as the one exception to the general rule that the Married Women's Acts have been construed to enable the wife to maintain an action for any tort against her property interests.

Those in the situation of the appellant must proceed in equity until the Legislature sees fit to change the law.

The trial court noted specifically that his decision was without prejudice to the right of appellant to bring a new proceeding in equity but we see no reason why the case should

not have been transferred from the law to the equity side of the Circuit Court in which it was brought and appropriate amendments to the pleadings permitted. Maryland Rule 515. We shall remand without affirmance or reversal under Maryland Rule 871 (a).

> *Case remanded, without affirming or reversing the judgment for further proceedings not inconsistent with this opinion, the appellant to pay the costs.*