HUDSON, Etc. et al. *v.* HUDSON

(Two Appeals in One Record)

[No. 38, September Term, 1961.]

*Decided October 19, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Patrick L. Rogan, Jr.,* with whom were *Vaughn E. Richardson* and *Richard M. Pollitt* on the brief, for the appellants.

*Walter C. Anderson* and *William W. Travers,* with whom were *K. King Burnett* and *Webb & Travers* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Two appeals have been brought here in one record. The appellant Eleanor J. Easel instituted two suits in the Circuit Court for Wicomico County: one (the infant's suit) as the mother and next-friend of her infant daughter, Eleanor Easel Hudson, for personal injuries to said infant; the other (the mother's suit) in her individual capacity, for reimbursement for necessary expenditures for doctors, hospital, and other medical expenses incurred by the mother.

The infant's suit alleged negligence on the part of the appellee in the operation of a motor vehicle, in which the infant was a guest passenger, with resultant injuries to the infant. It further alleged that she was unmarried at the time of her injuries, but, subsequently, had married the appellee; facts that are conceded in both suits. The declaration in her suit contained two counts, but the only one involved in this appeal is the first. The mother's suit alleged the negligence of the appellee, resulting injuries to said infant, and that she, the mother, had become obligated to expend large sums of money for doctors, and for hospital and medical expenses.

The trial court sustained demurrers, without leave to amend, to the narrs in both cases, upon the theory that the subsequent marriage of the said infant and the appellee barred the mother and the infant daughter from maintaining suits against the appellee-husband.

I

We shall first consider whether in Maryland a wife may maintain an action against her husband for negligent personal injuries, suffered by the wife as the result of a premarital tort committed by the husband. The wife's argument to the effect that the answer should be in the affirmative is,

briefly stated, thus: the tort having been committed prior to coverture, a cause of action did arise and accrue in her; and, even though she concedes that her subsequent marriage to the tortfeasor would, under the common law of Maryland, prevent or bar her from enforcing the cause of action, she is, nevertheless, specifically authorized and empowered to maintain and enforce her said cause of action by the provisions of Code (1957), Article 45, Section 5.[1]

We do not consider an extended or elaborate discussion of the same necessary, for the answer, we think, is to be found in our previous decisions, (wherein the objectives and effect of Section 5 have been treated quite fully—some of the decisions being of very recent vintage) although not under the precise state of facts as those presented here. In accordance with her presentation of her case, as we have set it forth above, our only inquiry is whether said Section 5 conferred upon her the right to sue her husband in tort.

The previous decisions of this Court have held, flatly, that the purpose of Section 5 in stating that the wife could sue for a tort committed against her and on her contracts was to give her no additional rights, except to sue alone where formerly she must have sued jointly or in the name of another, and that it did not confer upon her the right to sue her husband for a tort committed against her person by her husband or on a contract with her husband. Section 5, enacted in 1898, first came before the Court in *Furstenburg v. Furstenburg,* 152 Md. 247, 136 A. 534, where a wife sued her husband for personal injuries resulting from his negligent operation (dur-

---

1. Section 5, in pertinent part, states:
"Married women shall have power to engage in any business, and to contract, whether engaged in business or not, and to sue upon their contracts, and also to sue for the recovery, security or protection of their property, and for torts committed against them, as fully as if they were unmarried; contracts may also be made with them, and they may also be sued separately upon their contracts, whether made before or during marriage, and for wrongs independent of contract committed by them before or during their marriage, as fully as if they were unmarried; and upon judgments recovered against them, execution may be issued as if they were unmarried; * * *."

ing coverture) of an automobile. The Court pointed out that
it was certain the common law did not permit such an action,
and then followed the leading case of *Thompson v. Thompson,*
218 U. S. 611, by holding that Section 5 did not confer upon
the wife the right to make her husband a defendant in such
litigation. Judge Urner, who wrote the opinion, went on to
say the conclusion of the Court was fortified by the provisions
of Section 20 of Article 45, passed two years after Section 5,
wherein the wife was given, *inter alia,* the right to contract
with her husband and to sue upon *such* contracts as fully as
if she were a *feme sole,* pointing out that Section 20 would
have been a totally superfluous enactment if the Legislature
had intended that a wife, under Section 5, could sue her hus-
band for breach of contract.

This holding by the Court has been consistently followed:
*David v. David,* 161 Md. 532, 157 A. 755, holding that a
woman could not sue a partnership of which her husband was
a member for a personal tort; *Riegger v. Bruton Brewing Co.,*
178 Md. 518, 16 A. 2d 99,[2] holding that a woman could not
sue her husband's employer for a personal tort committed by
the husband; *Gregg v. Gregg,* 199 Md. 662, 87 A. 2d 581,
holding that a woman separated from her husband could not
maintain an action against him (neither under Section 5, nor
Section 20) for monies expended by her for necessaries;
*Fernandez v. Fernandez,* 214 Md. 519, 135 A. 2d 886, ruling
that a wife, living apart from her husband, could not sue him
at law in replevin; and *Ennis v. Donovan,* 222 Md. 536, 161
A. 2d 698, holding that a defendant in a suit by a husband as
the administrator of his deceased wife could not maintain a
third-party claim against the husband, who was driving the
automobile in which the decedent was riding at the time it
collided with defendant's motor vehicle, because the decedent
could not have maintained an action against her husband on
account of his alleged negligent operation of his automobile.
Although there is a minority view, and perhaps a growing
one, to the contrary, Maryland has followed what is still the

---

2. See Tobin v. Hoffman, 202 Md. 382, 96 A. 2d 597, applying
D.C. law; and for an interesting treatment of the general subject-
matter of inter-family suits for torts, see 43 Harv. L. Rev. 1030.

majority and prevailing rule upon the subject. *Prosser on Torts* (2nd Ed.), 670, 673; 43 A.L.R. 2d 636. Some of the Maryland cases cited above pointed out that in certain jurisdictions the courts have held that a cause of action arose in the wife, even where the tort occurred during coverture, but the marriage prevented her from enforcing the same; but, in Maryland, if the tort occurred when the parties were husband and wife, no right of action arose in the wife.

The only feature of the instant case that has not been specifically passed upon by our prior decisions is that the alleged wrong occurred before the marriage of the parties. It is generally held, in jurisdictions that deny a spouse the right to sue the other spouse for personal injuries, that the disability obtains, notwithstanding that the wrong for which recovery is sought was a premarital one. Dean Prosser states [3] that some two-thirds of the courts which have considered the emancipatory statutes have refused and still refuse, to construe the same so as to alter the common-law rule; that it is the prevailing view that neither spouse may maintain an action against the other for negligent injuries; and this is true even though the tort was committed before the marriage of the parties. For a collection of some of the cases so holding, see Anno., 43 A.L.R. 2d 642. It has been held that a spouse cannot maintain such an action even where the wrong was committed, and action brought, before marriage.[4]

There can be little doubt that a wife could not, at common law, sue her husband for personal injuries inflicted upon her person before marriage, the rule being usually stated that the marriage extinguished her right of action. 41 C.J.S., *Husband & Wife*, § 396; 27 Am. Jur., *Husband & Wife*, § 589; and cases there cited. As we have so definitely and flatly held that neither Section 5 nor any other statute that has been called to our attention has removed the spousal disability, we feel impelled to follow our previous decisions (and the great ma-

---

3. Prosser on Torts (2nd Ed.), p. 673.

4. Spector v. Weisman, 59 App. D. C. 280, 40 F. 2d 792; Wolfer v. Oehlers, 73 A. 2d 95 (N.J. Super.); Patenaude v. Patenaude, 263 N. W. 546 (Minn.); Lubowitz v. Taines, 198 N. E. 320 (Mass.); Newton v. Weber, 196 N. Y. S. 113.

jority of jurisdictions elsewhere) and to hold that the wife's cause of action was extinguished upon her marriage to the defendant, and, consequently, the trial court was correct in sustaining the demurrer to her declaration.

## II

We now reach a consideration of the mother's case. She does not make any claim of damages for loss of services, but limits her demand to doctors' bills, and medical and hospital expenses that she has become obligated to pay as a result of the injuries to her infant daughter, from the date of said injuries to the time of the daughter's marriage. We have stated briefly the allegations of her declaration. In addition to the allegations that we previously set forth, contributory negligence on the part of the infant was negatived. The appellee does not contest the fact that the infant's father is dead, or claim that the daughter had been emancipated before her marriage, but contends that the mother's claim is founded upon the same breach of duty as that sued on by the minor and is merely a part of the daughter's cause of action; that when a cause of action is split up, each part "stands upon the same basis," and is subject to the same defenses; and, since it is essential for the mother to show that her right to compensation flows from an injury for which, under the law, the infant is entitled to recover, and the infant's right to recover has been extinguished by her marriage to the appellee, the mother's claim has, likewise, been barred and she cannot recover. Stated a little differently and more concisely, the appellee argues that the mother's claim is subject to any and every defense that can be made to a claim by the daughter for her personal injuries, and her marriage to the appellee constitutes a good defense against any demand of the daughter; hence said marriage is a legal bar to the mother's suit.

We proceed to analyse these contentions. There can be no doubt that the mother was charged with the support, care, nurture and welfare of her infant daughter until the minor's marriage, the father being deceased. Code (1957), Article 72 A, Section 1. It is almost if not universally recognized that one tortious act may give rise to two or more separate

and distinct causes of action;[5] and it is very generally held that where a person negligently injures an infant, under circumstances that create legal liability to the infant, (we note here possible exceptions where an infant is worked in hazardous employment without the parent's consent, *Seglinski v. Baltimore Copper Co.,* 149 Md. 541, 131 A. 774; and where the child is abducted, Restatement, *op. cit.,* §§ 700, 703, *comment a,* or seduced, § 701, and *comment a* thereunder) ordinarily there arises in the parent or parents of said infant a right of action for loss of services (if such loss can be proven) and for doctors' bills and medical and hospital expenses necessarily and reasonably incurred by the parent for the treatment of the injuries, in those cases where the parent is primarily responsible therefor; and this cause of action is quite separate and apart from any right of action that the infant may have for his or her injuries.[6] And the parent who has actually incurred the obligation to pay for such medical services is entitled to recover for them, although the bill for them has not, in fact, been paid. Cf. *Sezgin v. Stark,* 187 Md. 241, 258, 49 A. 2d 742 (married woman allowed to recover on a claim for medical services rendered her, a part of which she had paid and another part had been extended to her on credit).

The appellee relies heavily upon the case of *Callies v. Reliance Laundry Co.,* 206 N. W. 198 (Wisc. 1925). It is true that the Court in that case (involving negligent injury to a minor by automobile) used some rather broad language and subtle reasoning, and came to the conclusion that the parent's right of action for loss of services and medical expenses of a minor child was really a part of the child's cause of action, and was, therefore, derivative in nature and analogous to an assigned contract; and, although the minor's contributory negli-

---

**5.** Prosser, op. cit., p. 699, n. 13; 1 Sutherland Damages (4th Ed.) § 138; and cases there cited.

**6.** County Comm'rs v. Hamilton, 60 Md. 340, 346; Hussey v. Ryan, 64 Md. 426, 2 A. 729 (loss of services); Prosser, op. cit., p. 699, n. 13; and see Annotations in 37 A.L.R. 29, 32 A.L.R. 2d 1069, 2 A.L.R. Supp. Service (1960) p. 2494; 3 Rest., Torts, § 703, comment (b); Cf. 2 Cooley on Torts § 168 and Milde v. Leigh, 28 N. W. 2d 530 (N. D.), both referring to loss of services of a wife.

gence could not be "imputed" to the parent such contributory negligence was a bar to the parent's suit, as the "assignee," the parent, took her assigned part of the infant's cause of action "subject to any defenses that could be urged against the child." The actual holding in the case was, simply, that contributory negligence on the part of the minor was a bar to the parent's suit for loss of services and medical expenses, which is the same result reached by this Court in *Dietrich v. Hall Spgs. R.R. Co.,* 58 Md. 347, 358 (without stating the reasons therefor).[7]

The reasoning in the *Callies* case (as well as the result) is criticized by Dean Prosser, *Prosser, op. cit.,* p. 702, and other writers upon the subject.[8]   39 Am. Jur., *Parent and Child,* § 74, says: "Although it has been said that the parent's cause of action is merely a part of the child's cause of action, [citing *Callies*] * * * it would seem that, properly considered, the two rights of action are entirely separate and distinct. The parent is not, as is sometimes held, [again citing *Callies*] a mere assignee of a part of the child's cause of action.   In other words, when a minor child is injured, two causes of action immediately spring into existence: * * *." See also 42 A.L.R. 717, 723, 724.   We have little difficulty in

7. We do not reach the question of contributory negligence in the instant case, which is here upon a demurrer having been sustained to the narr. The narr denied contributory negligence. Other cases have barred a parent from recovery where the child's injury resulted from the negligence of an independent contractor, Regan v. Superb Theater, 107 N. E. 984 (Mass.); or a fellow servant for which the defendant was not responsible, Harris v. A. J. Spencer Lumber Co., 64 So. 557 (Ala.); where the defendant owed the child no duty of care, Shiels v. Audette, 174 A. 323 (Conn.), (statute preventing recovery by automobile guest passenger); and where the defendant had taken all reasonable precautions, Neville v. American Barge Line Co., 105 F. Supp. (W. D. Pa. 1952), 405.

8. Gregory, "The Contributory Negligence of Plaintiff's Wife or Child in an Action for Loss of Services," 1935, 2 U. Chi. L. Rev. 173; Gregory "Vicarious Responsibility and Contributory Negligence," 1932, 41 Yale L. J. 831; Gilmore "Imputed Negligence," 1921, 1 Wisc. L. Rev. 193, 203, 211; James "Imputed Contributory Negligence," 1954, 14 La. L. Rev. 340, 354; Notes, 1926, 24 Mich. L. Rev. 592; 80 U. Pa. L. Rev. 1128, 1130.

reaching the conclusion that the prevailing view is the proper one; namely, that where a parent is entitled to recover for medical expenses incurred as a result of negligent injuries to his minor child, the parent's cause of action is not derivative, in a legal sense, from the infant's cause of action, but is a separate and distinct ground for recovery vested in the parent. See authorities cited in footnote 6.

This brings us to the specific question: Is the fact that the plaintiff's minor daughter married the defendant-appellee subsequent to the minor's injuries a defense and bar to the plaintiff's suit? The answer, we think, is found in 3 Restatement, *Torts,* § 703 (b), *Comments: a, b,* and *f,* which is, in general, fully supported by the adjudicated cases upon the subject.[9] It states:

> "One who by reason of his tortious conduct is liable to a minor child for illness or other bodily harm is subject to liability to
>
> \* \* \*
>
> "(b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for such treatment during the child's minority.
>
> "*Comment:*
>
> "*a. Child's contributory fault or consent.* The rule stated in this Section is applicable only if the actor is liable to a child for a tort committed against it. All the elements of liability to the child must exist, including the tortious conduct of the actor, the resulting harm to the child and the latter's freedom

---

**9.** Those matters that constitute defenses to suits of the present kind (as distinguished from those matters that should, in the judgment of writers upon the subject, constitute defenses) are contained in many decisions and text-books. We named some of them in footnotes 6, 7 and 8. See also 94 A.L.R. 1211; 39 Am. Jur., Parent and Child, §§ 81-85; 67 C.J.S., Parent and Child, §§ 45, et seq. Although the references that we have made to show the cited Section of Restatement correctly states the law contains defenses other than those involved herein, we limit our holding in the instant case strictly to the questions raised for our determination.

from such fault as would bar a recovery by it. * * *.

"*b. Separate character of action.* The liability to the parent stated in this Section is distinct from the liability of the actor to the child. Damages recoverable in the one action are not recoverable in the other; a judgment obtained and satisfied in one action will not prevent a recovery in the other; a release by the one will not affect the other's recovery; a waiver by the child of his own right of action will not affect the parent's recovery; and an abatement by the death of either the parent or the child will not bar a recovery by the other. Moreover a procedural bar which prevents the child from maintaining an action for the harm which it has sustained will not affect the parent's action. Thus, neither the expiration of the statute of limitations as to the child's cause of action, nor the death of the child, will bar an action by the parent. * * *.

* * *

"*e.* * * *. A parent can recover for reasonable medical expenses incurred or likely to be incurred for his child's treatment, although he is not entitled to the custody and earnings of the child, if by law he is under the duty of supplying the child with such treatment."

Conceding that, ordinarily, an essential element of the cause of action vested by law in the parent, in cases of this nature, is that the compensation recoverable by her for medical expenses flows from a personal injury for which, under the law, the minor would be entitled to recover compensation, from what we have said above, it is clear that the appellant's declaration states a separate cause of action in her, entitling her to damages, at least, until the time of marriage of the daughter; and we do not think that the appellee is entitled to a holding such as he claims, *i.e.,* that "the mother's claim is subject to any and every defense" which might be interposed, at any time before the trial of the mother's suit, to the daughter's cause of action. It seems apparent from the provisions

of *comment a,* that "all the elements of liability to the child must exist" does not refer to the time of the trial of the parent's suit, but they mean that at some time before the institution of the parent's suit, all of the elements of liability to the minor must have existed. This is abundantly demonstrated by the provisions of *comment b.* To consider one example, suppose the minor in the instant case had not married the appellee, her case had been tried first and she had recovered a judgment, which had been immediately satisfied. The mother's case then came on for trial. Surely, all the elements of liability to the child would not then exist, but it would produce a most incongruent result to hold in such a case that the minor's judgment and its satisfaction were a bar to the mother's suit. If the appellee's contention were sustained in the instant case, it would produce the anomalous situation of a parent having a perfectly good cause of action against a third person for medical expenses incurred by the parent for and on behalf of her minor daughter, which said cause of action could be relinquished or extinguished by conduct of the daughter over which the parent had no control. Neither reason, justice, precedent, nor principle requires such a ruling. We hold that when the daughter married the appellee and thereby, in effect, waived her own right of action, she did not affect her parent's right of recovery; hence the demurrer to the mother's suit should have been overruled.

> *Judgment for costs in No. 3538 (the daughter's suit) affirmed: judgment for costs in No. 3539 (the mother's suit) reversed, and case remanded for trial, the costs in this Court to be paid ½ by the appellee, and ½ by the next friend in No. 3538.*