# CARGILL *v.* BRADY

[No. 294, September Term, 1962.]

*Decided May 14, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Charles Philip Brown* and *Moses J. Cohen,* with whom was *Sidney Kaplan* on the brief, for appellant.

*James D. Nolan,* with whom were *Nolan & Norris* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

After the chancellor sustained a demurrer to appellant's bill of complaint, which prayed an injunction to restrain the appellee from conveying any interest in a house which he had constructed on appellee's property and the appointment of a trustee to sell the property, he has appealed.

The only question involved is whether this ruling was correct.

The bill of complaint, in substance, alleges that in 1950, the appellant and appellee began living together in an apartment as husband and wife "without benefit of clergy." After some eighteen months during which the appellant requested appellee many times to marry him, she promised to do so if he would erect a house on some land she owned in Baltimore County. He was a carpenter. He obtained a building permit in 1951, personally worked upon the construction of the dwelling and paid for all materials and labor not furnished by himself. They, presumably, moved into the house and set up housekeeping in the latter part of 1951, or sometime in 1952. (The bill alleges they started living together in the apartment in 1950, and lived there for about eighteen months.) He frequently requested her to "marry him in pursuance of their agreement, but the defendant refused to do so." Some of the fire insurance policies on the property were in his name; joint income tax returns were filed by them from 1950 to 1958; and from 1950 to 1954 the parties maintained a joint account in a savings institution. The appellant urged the appellee to marry him, but she continued to refuse. She became abusive and threatened his life if he did not leave the premises, which he did sometime in 1959. Shortly

thereafter, they reconciled, but she soon became abusive and plaintiff, in fear of his life, again left the property, this time some two years and two months before suit was instituted. The appellant also had left some tools upon the premises which he desired returned to him.

The appellee argues that the allegations of the bill of complaint show no more than the breach of an unlawful contract to build a house to set up housekeeping for the purpose of illicit cohabitation. In the view we take of the case, we find it unnecessary to answer this question for said allegations, we think, clearly show laches upon the part of the appellant. It is well-settled law that the defense of limitations, or laches, may be raised on demurrer in equity, where, on the face of the bill, it may be seen that it is a bar; and, generally, the statute applicable to actions at law will be followed by analogy. *Smith v. Smith,* 211 Md. 366, 127 A. 2d 374; *Hungerford v. Hungerford,* 223 Md. 316, 320, 164 A. 2d 518. Cf. Maryland Rule 371 a, b. The action here involved was for restitution resulting from the alleged breach of a simple contract. Had the action been brought at law for the alleged breach, it would have been an action essentially in the nature of one for money had and received, and limitations would have been a defense after three years. Code (1957), Article 57, § 1. If any cause of action arose, it did so shortly after the parties moved into the house, when she refused to marry him in accordance with the purported agreement, after his request that she do so. The lapse of time between then and the institution of suit greatly exceeded three years.

The above does not dispose of the question relating to his carpenter's tools. However, the above does dispose of all matters that ordinarily would be considered in an equity proceeding; we will, therefore, affirm the chancellor's order without prejudice to the appellant's instituting any appropriate action for the recovery of his tools.

> *Order affirmed, appellant to pay the costs.*