## STOKES *v.* ASSOCIATION OF INDEPENDENT TAXI OPERATORS, INC.

[No. 104, September Term, 1967.]

*Decided February 9, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

Submitted on the brief by *Dehaven L. Smith* for appellant.

*Charles R. Goldsborough, Jr.,* with whom were *Paul J. Reed, Jr.,* and *John J. Hirsch* on the brief, for appellee.

PER CURIAM.

The question presented by this appeal is whether a wife, a paying passenger in a taxicab operated by her husband, may re-

cover from his employer for the injuries she sustained as the result of the negligent operation of the cab.

The Baltimore City Court (Jones, J.) entered a summary judgment for costs in favor of the defendant (Association of Independent Taxi Operators) against the plaintiff (Dorothy Stokes) and this appeal was taken. The judgment will be affirmed.

On the day of the accident, the husband was driving his wife to work in the cab he was operating pursuant to his working arrangements with the taxi association. As he normally did when transporting his wife to her jobsite, he put the meter flag down and she was a paying passenger. During the course of the trip the taxicab collided with another vehicle. It is conceded that the taxi driver was acting within the scope of his employment and that he had negligently caused the accident.

Under the facts of this case, we think, as did the judge below, that *Riegger v. Bruton Brewing Co.,* 178 Md. 518, 16 A. 2d 99 (1940), is controlling.

There is a split of authority on the question presented. Those jurisdictions allowing recovery in situations such as this are exemplified by *Schubert v. August Schubert Wagon Co.,* 164 N. E. 42 (N. Y. 1928) and *Fields v. Synthetic Ropes, Inc.,* 215 A. 2d 427 (Del. 1965). In those jurisdictions which deny recovery, *Riegger* is one of the leading cases.

In *Riegger,* our predecessors based their decision on three lines of cases: those holding that a spouse cannot maintain an action for tortious injury against the other spouse; [1] those holding that a spouse cannot maintain an action against a partnership in which the other spouse is a member; [2] and those holding that a parent cannot maintain an action against his or her child. [3] In *Riegger* (at p. 523) it was said—

> "If in the present case we follow the reasoning of those decisions, it would seem illogical to hold that the husband's employer is liable to appellant [Edith M. Riegger] under the circumstances shown by the dec-

1. See Furstenburg v. Furstenburg, 152 Md. 247 (1927).
2. See David v. David, 161 Md. 532 (1932).
3. See Schneider v. Schneider, 160 Md. 18 (1930).

laration, for no right of action is permitted by the wife against her husband, and the wife's right of action against appellee [Bruton Brewing Company] must arise solely because of the negligence of its agent (in this case her husband) acting within the scope of his employment. To hold that the employer is liable because of the acts of its agent against whom no liability exists in favor of the person injured would result in holding appellee liable notwithstanding her inability to have legal redress against the person causing her injuries. Such a holding would, in our opinion, be entirely inconsistent with the rule in Maryland to the extent it has been declared by our previous decisions, and the result would be to permit the wife to do indirectly what admittedly she may not do directly."

\* \* \*

"Furthermore, if appellee is liable to the wife, it may sue and recover against her husband, the actual wrongdoer."

The plaintiff-appellant contends that we should now follow the rationale of the *Schubert* case and either overrule or distinguish the *Riegger* case. The principle of that case was reaffirmed by this Court in *Fernandez v. Fernandez*, 214 Md. 519, 135 A. 2d 886 (1957), *Ennis v. Donovan*, 222 Md. 536, 161 A. 2d 698 (1960) and *Hudson v. Hudson*, 226 Md. 521, 174 A. 2d 339 (1961), and we decline to change the rule. As was pointed out in the *Fernandez* and *Ennis* cases, if the rule is to be changed, the Legislature will have to do it.

*Judgment affirmed; appellant to pay the costs.*