## MARTHA A. ARCH *v.* JACK A. ARCH

[No. 365, September Term, 1970.]

*Decided March 12, 1971.*

The cause was submitted to MURPHY, C.J., and THOMPSON and MOYLAN, JJ.

*Herbert Ezrin* and *Barry H. Helfand* for appellant.

*Orie Seltzer,* with whom was *Richard Painter* on the brief, for appellee.

PER CURIAM.

The appellant argues we should overrule a long line of Maryland cases ending with *Stokes v. Association of Independent Taxi Operators, Inc.,* 248 Md. 690, 237 A. 2d 762 (1968) holding a wife cannot recover at law from her husband for a negligent tort. We decline to do so. No arguments are presented which have not been previously considered and rejected by the Court of Appeals of Maryland. See *Hudson v. Hudson,* 226 Md. 521, 174 A. 2d 339, *Ennis v. Donovan,* 222 Md. 536, 161 A. 2d 698, *Fernan-*

*dez v. Fernandez,* 214 Md. 519, 135 A. 2d 886 and cases cited therein. We note that Maryland follows the majority of states. 43 A.L.R.2d 632. We also note the absence of legislation altering this long established rule. See *Latz v. Latz,* 10 Md. App. 720, 272 A. 2d 434 as to suits between parents and unemancipated children.

We will, however, briefly discuss one point. The appellant strenuously argues we should distinguish the instant case from prior cases because the parties were separated and had executed a separation agreement. The cases of *Gregg v. Gregg,* 199 Md. 662, 87 A. 2d 581 and *Fernandez v. Fernandez, supra* indicate that separation of the parties does not vary the rule.

The appellee has filed a motion to strike a purported copy of the separation agreement from the appellant's brief. The agreement was not a part of the record and we have given it no consideration; we would grant the motion if there were any practical reason to do so, but since appellant will, under our mandate, be required to pay all of the costs, there is no practical reason to grant the motion.

> *Judgment affirmed.*
> *Appellant to pay the costs.*