# BLUMENTHAL *v.* MONUMENTAL SECURITY STORAGE, INC.

[No. 188, September Term, 1973.]

*Decided March 18, 1974.*

The cause was submitted on briefs to MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

Submitted by *Clinton B. Wyatt* for appellant.

Submitted by *James S. Maffitt* and *Cable, McDaniel, Bowie & Bond* for appellee.

SINGLEY, J., delivered the opinion of the Court.

In November, 1972, Mrs. Rose S. Blumenthal brought suit in detinue in the Superior Court of Baltimore City against Monumental Security Storage, Inc. (Monumental), claiming damages of $200,000.00 for what she regarded as the wrongful detention of household goods which she had placed in storage, and asking a return of the goods. Monumental answered, alleging that Sydney C. Blumenthal, Jr., husband of Mrs. Blumenthal, also claimed ownership of the goods, and countered with a bill of interpleader, seeking an order requiring Mr. and Mrs. Blumenthal to interplead in the matter, in order that the conflicting claims of ownership could be resolved. From an order transferring the interpleader action to a court of equity for trial, denying Mrs. Blumenthal's motion to dismiss the bill, discharging Monumental from further liability, and enjoining further action against Monumental by the Blumenthals, Mrs. Blumenthal has appealed.

The procedural framework within which this controversy was considered is derived from the Maryland Rules of Procedure and from two sections of the Uniform Commercial Code (UCC).

Maryland Rule BU 70 provides in part:

"a. *Conditions.*

"Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical, but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants.

"b. *Counterclaim or Cross-Claim.*

"A defendant exposed to similar liability may

obtain such interpleader by way of counterclaim or cross-claim pursuant to Rule 314 (Counter-claim and Cross-Claim)."

Rule BU 72 b controls the scope of a decree which may be entered in an interpleader action:

"b. *Scope.*

"Upon the passage of a decree requiring the defendants to interplead, the court shall designate one or more of the parties as plaintiffs and one or more of them as defendants. The decree shall also require the original plaintiff to pay into court the property which is made the subject of the interpleader, or so much thereof as may then be due. In addition, the court may —

"(1) Order the discharge of the original plaintiff from further liability and the payment to him of his costs and a reasonable counsel fee out of the fund if the plaintiff's capacity in bringing the action was that of an impartial stakeholder;

"(2) Enjoin the bringing or prosecuting of other actions against the original plaintiff, with or without bond notwithstanding the provisions of Rule BB75 (Injunction — Bond); and

"(3) If a contest exists only with respect to a portion of the property paid into court, order the immediate payment of the remainder thereof to the party to whom it is admittedly payable."

UCC § 7-403, Maryland Code (1957, 1964 Repl. Vol.) Art. 95B, § 7-403, which deals with the obligation of a warehouseman to deliver, provides in part:

"(1) The bailee must deliver the goods to a person entitled under the document who complies with subsections (2) [satisfaction of bailee's lien] and (3) [cancellation of or notation of partial delivery on any outstanding negotiable document], unless and

to the extent that the bailee establishes any of the following:

* * *

"(g) Any other lawful excuse."

UCC § 7-603, Code (1957, 1964 Repl. Vol.) Art. 95B, § 7-603 makes provision for conflicting claims:

"If more than one person claims title or possession of the goods, the bailee is excused from delivering until he has had a reasonable time to ascertain the validity of the adverse claims or to bring an action to compel all claimants to interplead and may compel such interpleader, either in defending an action for non-delivery of the goods, or by original action, whichever is appropriate."

Mrs. Blumenthal challenges the propriety of the interpleader and of the transfer of the proceeding to a court of equity on the ground that while she and Mr. Blumenthal are separated, see *Blumenthal v. Blumenthal*, 258 Md. 534, 266 A. 2d 337 (1970), they are still husband and wife, with the consequence that any interest which Mr. Blumenthal may have in the household goods must be either that of a tenant by the entirety or that of a sole owner. From this premise, Mrs. Blumenthal advances the familiar principle that a married person cannot maintain a tort action against a spouse during coverture, *Stokes v. Association of Independent Taxi Operators, Inc.*, 248 Md. 690, 237 A. 2d 762 (1968), even if the parties are separated, *Gregg v. Gregg*, 199 Md. 662, 87 A. 2d 581 (1952). Equally familiar is the principle that a tenancy by the entirety can only be terminated during the lifetime of the spouses by the joint action of both, *Eastern Shore Bldg. & Loan Corp. v. Bank of Somerset*, 253 Md. 525, 532, 253 A. 2d 367, 371 (1969).

We do not see the problem in exactly the same light. The interpleader case is not an action brought by either spouse against the other, but a bill brought by Monumental to protect itself against the antagonistic claims asserted by

quarreling parties. In a stipulation of facts signed by all counsel, the effort, albeit unsuccessful, of Monumental to settle the dispute was recognized, so that it is palpably clear that the interpleader action was initiated by Monumental for its own protection as a last resort after Mrs. Blumenthal had instituted suit. This controversy is certainly typical of the situation which the provisions of the UCC and of our Rules were intended to cover.

Even assuming, for purposes of argument, that Mrs. Blumenthal is right in her idea that one must here import the limitation which is applicable to litigation between spouses, the restriction is not quite so narrow as Mrs. Blumenthal would have it. The rubric that a wife may not sue her husband at law unless she is specifically authorized to do so by statute, *Fernandez v. Fernandez*, 214 Md. 519, 524, 135 A. 2d 886, 888 (1957), had its historical origin in the disability which Chapter 457 of the Laws of 1898 [1] was intended to correct. However, it did so in such a narrow fashion that two years later Chapter 633 of the Laws of 1900, now Code (1957, 1971 Repl. Vol.) Art. 45, § 20, was enacted to give a married woman the right to sue her husband *in contract.*

Wholly apart from any limitation on the bringing of an action at law, it has long been recognized that either a husband or wife can sue the other in equity for the protection of his or her property, *Jones v. Jones*, 259 Md. 336, 343, 270 A. 2d 126, 130 (1970); *Fernandez v. Fernandez, supra,* 214 Md. at 523, 135 A. 2d at 888; *Smith v. Smith,* 211 Md. 366, 369-70, 127 A. 2d 374, 375 (1956); *Cochrane v. Cochrane,* 139 Md. 530, 534, 115 A. 811, 812-13 (1921); *Masterman v. Masterman,* 129 Md. 167, 98 A. 537 (1916); *Wilson v. Wilson,* 86 Md. 638, 39 A. 276 (1898). Consequently, either Mrs. Blumenthal or her husband could have sought a resolution of this problem by a suit in equity against the other.

It is incorrect to assume that the jurisdiction conferred upon a divorce court to determine property rights between

---

1. The Married Women's Act, now Code (1957, 1973 Cum. Supp.) Art. 45, § 5.

spouses by Code (1957, 1973 Repl. Vol., 1973 Cum. Supp.) Art. 16, §§ 25, 29 [2], is exclusive. Our cases make it clear that an equity court, sitting as a divorce court, does not sit in exercise of its ordinary chancery jurisdiction, and would be without power to determine the parties' ownership of personal property or to apportion it, but for a grant of such power by the Legislature, *see Gebhard v. Gebhard,* 253 Md. 125, 129-30, 252 A. 2d 171, 173 (1969), and cases there cited.

*Order affirmed, costs to be paid by appellant.*

---

[2.] Now Code (1974), § 3-603(b) of the Courts and Judicial Proceedings Article.