CAROL BISHOP, Ex'r of the Estate of Estelle Smiley, Plaintiff-Appellant, *v.* ALLIED VAN LINES, INC., *et al.*, Defendants-Appellees.

Third District   No. 79-3

Opinion filed January 15, 1980.

Francis J. Coyle, Jr., of Coyle, Gilman & Stengel, of Rock Island, for appellant.

Thomas W. Conklin and Franklin A. Nachman, both of Conklin, Leahy & Eisenberg, Ltd., and Gerry M. Rinden, of Klockau, McCarthy, Lousberg, Ellison & Rinden, both of Chicago, for appellee Voss Bros. Express & Storage.

William M. Walker, of Coryn, Walker & Meehan, of Rock Island, for appellee Allied Van Lines, Inc.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, as executor, appeals from the order affirming the dismissal of plaintiff's amended complaint for failure to state a cause of action. Plaintiff's amended complaint states that Estelle Smiley (hereinafter referred to as plaintiff) was the owner of household goods. The complaint states further that plaintiff and defendants entered into a written agreement for the transfer and storage of the household goods.

Defendants received goods as evidenced by a bill of lading attached to the complaint. Plaintiff states that subsequent to storing the goods with the defendants, plaintiff and her husband entered into proceedings for the dissolution of their marriage. Plaintiff notified defendants' agent not to deliver the household goods to either plaintiff or her husband without further instructions from plaintiff. The goods were delivered to Mr. R. V. Smiley, husband of Estelle Smiley, after the notice.

The trial judge granted the motion to dismiss the amended complaint stating that there was no indication on the face of the bill of lading that either Estelle Smiley or Mrs. R. V. Smiley participated in the shipment or storage of the goods or that they are the same person. The judge further noted that the bill of lading showed that R. V. Smiley requested storage for 180 days, that he assumed responsibility for payment of the transfer and storage charges, and that he declared the value of the goods at $60,000.

The judge stated that bailee is required to deliver the goods to a person entitled under the document upon payment of the bailee's lien (Ill. Rev. Stat. 1977, ch. 26, par. 7—403.) "Person entitled under the document" is defined in section 7—403 of the Uniform Commercial Code, subparagraph (4), as a holder in the case of a negotiable document or the person to whom delivery is to be made by the terms of or pursuant to written instructions under a nonnegotiable document. (Ill. Rev. Stat. 1977, ch. 26, par. 7—403(4).) The bill of lading in question is conspicuously and expressly noted as nonnegotiable. Also cited in the reasons for granting the motion to dismiss the amended complaint was section 7—404 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 7—404). That section provides that a bailee in good faith and using reasonable commercial standards who delivers or otherwise disposes of the goods according to the terms of the document of title is not liable.

The Illinois Code Comments under that section (Ill. Ann. Stat., ch. 26, par. 7—403(4), Illinois Code Comments, at 116 (Smith-Hurd 1974) state that delivery in the case of a nonnegotiable document is to the one to whom delivery is to be made under its terms or pursuant to written instructions under it. Such instructions would be a delivery order (Ill. Rev. Stat. 1977, ch. 26, par. 7—102(1)(d)). Delivery order is a written order to deliver goods directed to a warehouseman, carrier, or other person who in the ordinary course of business issues warehouse receipts or bills of lading. No delivery orders were given at any time. Therefore, the person entitled under the document, this being a nonnegotiable document, must be the person to whom delivery is made by the terms of the nonnegotiable document.

Ordinarily in a bill of lading where no delivery orders are given there

is a blank space for the consignee and his or her address. Section 7—102(1)(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 7—102(1)(b)) defines "consignee" as the person named in a bill to whom or to whose order the bill promises delivery. The bill of lading in this case is no different. There is a blank space for a consignee, delivery address, city, and State. Also, there is a blank space at the bottom of the nonnegotiable bill of lading where the consignee is supposed to sign. The bill of lading in question had only blank spaces for this information. In other words, there was neither a consignee named nor any address given, nor was there a signature of any consignee. There was, then, no consignee at all nor were any delivery orders given. The bill of lading, issued by the defendants, states that the shipper was Mr. and Mrs. R. V. Smiley, signed by R. V. Smiley.

■■ Plaintiff alleges in the complaint that she was the owner of the stored property and she was named as a joint shipper in the bill of lading. Mrs. R. V. Smiley would, then, be a joint bailor. A bailment is merely the delivery of goods for some purpose upon a contract, express or implied, and after the purpose has been fulfilled the goods are to be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until reclaimed. (*T.R. Booth & Co. v. Loy* (1968), 100 Ill. App. 2d 333, 241 N.E.2d 315.) Joint delivery by the plaintiff and her then husband carries with it a presumption of joint title and a concession of a joint right of action. *Baker v. S.A. Lewis Storage & Transfer Co.* (1906), 79 Conn. 342, 65 A. 143.

■■ Section 7—404 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 7—404) states that a bailee who in good faith, including observance of reasonable commercial standards, has received goods and delivered or disposed of them according to the terms of the document is not liable. Here it is alleged that the bailee had knowledge of an adverse claim between the bailors. On these pleadings, we hold that it cannot be said that the bailee acted in good faith. It cannot be said that the bailee observed reasonable commercial standards when the bailee delivered the bailed goods with knowledge of adverse claims between the bailors. Indeed, section 7—603 of the Code (Ill. Rev. Stat. 1977, ch. 26, par. 7—603) excuses the bailee from delivery until he has had a reasonable time to ascertain the validity of adverse claims.

■■ Adverse claims between spouses is a particular situation to which section 7—603 speaks. (*Blumenthal v. Monumental Security Storage, Inc.* (1974), 271 Md. 298, 316 A.2d 243.) In that case, an interpleader action was deemed particularly appropriate. Further, good faith and reasonable commercial standards are conditioned upon the delivery or disposition of the goods according to the terms of the document of title. *Turner v. Scobey Moving & Storage Co.* (Tex. 1974), 515 S.W.2d 253.

In light of this analysis we find that plaintiff pleaded sufficient facts to state a cause of action. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

TRAPP and GREEN, JJ., concur.